**Byron HASEOTES, Plaintiff,**

v.

**ABACAB INTERNATIONAL COMPUTERS, INC., Abacab International Computers, Ltd., Colin Bettles, Kenneth Walker, and Alan Wright, Defendants.**

**Civ. A. No. 87–1888–C.**

United States District Court,
D. Massachusetts.

May 2, 1988.

---

Daniel J. Lyne, Hanify & King, Boston, Mass., for defendants.

Joanne D'Alcomo, Bingham, Dana & Gould, Boston, Mass., for plaintiff.

## MEMORANDUM

CAFFREY, Senior District Judge.

The plaintiff brought this action against the defendants alleging breach of contract, fraud, failure to pay a promissory note, and unfair and deceptive practices under M.G. L. c.93A. The plaintiff now seeks to compel the defendants to answer interrogatories, to produce certain documents, and to allow the plaintiff to examine certain goods sold by the defendant.

This case arises out of an agreement entered into by the plaintiff and the defendants. The defendants Bettles, Walker, and Wright are officers, directors, and shareholders of Abacab International Computers., Ltd. ("Abacab Ltd."). Abacab Ltd., in turn, is the sole shareholder of Abacab International Computers, Inc. ("Abacab Inc."), of which Wright and Bettles are president and secretary/treasurer, respectively. On November 11, 1986, the parties allegedly entered into an agreement under which two new corporations, Abacab USA and VMSI, Inc. were to be formed. Haseotes was to be the principal shareholder of both corporations. Abacab Ltd. and Abacab Inc. were to transfer to Abacab USA certain computer technology relating to the video rental industry. In return,

Haseotes was to pay certain sums to Abacab USA, and Walker, Bettles, and Wright. The latter three individuals were allegedly also to receive three year employment contracts with VMSI and/or Abacab USA. Finally, Haseotes was allegedly to receive 25% of the stock of Abacab Inc.

In his complaint, Haseotes alleges that each defendant breached this agreement, that each defendant intentionally misrepresented material facts, that each defendant failed to pay sums due under two promissory notes, that each defendant failed to repay two loans given by Haseotes, and that the defendants violated M.G.L. c.93A. In their answers, each defendant raised the affirmative defenses of failure to perform by the plaintiff, wrongful discharge of Bettles and Wright, fraud and bad faith in negotiating the agreement, equitable estoppel, discharge of the promissory notes, lack of consideration, and mutual mistake. In addition, each defendant brought counterclaims against Haseotes for breach of contract, wrongful termination, fraud, promissory estoppel, recission of the stock transfer, and violation of M.G.L. c.93A.

■ The plaintiff now seeks to discover a number of items. First, the plaintiff seeks to have the defendants itemize each element of damage allegedly sustained as a result of the plaintiff's actions. The defendants object to this, arguing that a thorough specification of damages is oppressive, and that they are not obligated to prove their damages prior to trial.

The defendants' arguments on this point are unpersuasive. They have made no attempt to show how a recitation of damages would be oppressive. More importantly, the defendants confuse the obligation of proving a fact with the obligation to produce relevant information during discovery. The defendants are not being asked to prove an element of their counterclaim, as would be the case in a summary judgment motion. Rather, they are being asked to produce relevant information to which the plaintiff is clearly entitled under Fed.R. Civ.P. 26(b). The defendants have claimed they suffered injuries because of the plaintiff's actions. The plaintiff is entitled to

information that would allow him to confirm or dispute this claim. Therefore, the plaintiff's motion to compel discovery on this issue is granted.

■ Next, the plaintiff seeks information and documents relating to the specific allegations in the defendants' counterclaims. The defendants object on the grounds that the requests are duplicative in that the information is contained in documents already within the plaintiff's control. The defendants also argue that the information sought by a number of document requests could have been obtained by previously noticed depositions of the defendants. Finally, the defendants argue that each defendant was individually asked to produce documents that relate solely to matters within the knowledge of another defendant.

■ These arguments, too are unpersuasive. The material sought by the plaintiff is clearly relevant to the claims, counterclaims, or affirmative defenses at issue in this case. Indeed, the defendants do not deny the relevance of the requested documents. The fact that information contained in some documents could have been obtained by deposition does not prevent discovery if production of the documents is neither duplicative nor unreasonably burdensome. The defendants have not shown that production of the documents sought would be unreasonably burdensome. To the extent that some of the information is contained in documents already in the plaintiff's hands, the defendant need only tell the plaintiff which documents contain the desired information.

■ Finally, the plaintiff is not interested in obtaining separate responses from each individual defendant. To the contrary, the plaintiff has simplified matters by drawing up a single list of document requests and serving copies on each defendant. To the extent that the plaintiff requests information or documents possessed by, or in the control of, only one defendant, the other defendants need not respond to those requests. The plaintiff is correct, however, in noting that a defend-

ant must produce requested documents that are in that defendant's "possession, custody or control." Fed.R.Civ.P. 34(a). Legal ownership is not the determining factor. *See* J. Moore, J. Lucas, D. Epstein, 44 *Moore's Federal Practice* ¶ 34.17 (198). Under this rule, a party has "control" over a document if that party has a legal right to obtain those documents. *See* C. Wright & A. Miller, 8 *Federal Practice & Procedure* § 2210 (1970), and cases cited therein. Thus, the individual defendants, as officers, directors, and shareholders of Abacab Ltd. and Abacab Inc., can be required to produce documents that are in the possession of the corporations. Of course, each defendant need not produce a separate copy of a given document. One copy of a document will suffice. Subject to these qualifications, the plaintiff's motion to compel production of documents should be granted.

Finally, the plaintiff seeks to inspect computer technology marketed by the defendants. The defendant objects on the grounds that this technology is confidential business information, and is irrelevant. The plaintiff argues that an analysis of the equipment's capabilities would enable the plaintiff to determine the marketability of the defendant's product. The marketability, in turn, has a direct bearing on the issue of the defendant's lost profits.

I agree with the plaintiff. The characteristics of the equipment is relevant to whether, and how much, profits were lost by the defendants. Conversely, the defendants have failed to show that the equipment is confidential. To the contrary, the equipment is sold commercially. Anyone who desired to inspect the equipment with the intent of pirating the technology need only purchase the machine on the open market. Moreover, the defendants have failed to show that a protective order would not adequately protect their legitimate interests. See generally C. Wright & A. Miller, 8 *Federal Practice and Procedure* § 2043 (1970). Since the computer equipment is relevant to the case, and since the defendants have not adequately demonstrated if, and how, they would be injured by inspection of the equipment, the plaintiff's motion to compel production of the requested equipment and software should be granted.

Order accordingly.