Dolan, J.
This is a products liability action sounding in negligence and breach of warranty, for personal injuries sustained by plaintiff in a motorcycle accident. Plaintiff now moves, pursuant to Mass.R.Civ.P. 37(a)(3), to compel more complete discovery from defendant, American Honda Motor Co., Inc. (“AHM”). Plaintiff asserts that AHM has “control" over documents possessed by other Honda affiliates, subsidiaries and AHM’s corporate parent.
Defendant resists this motion, arguing that compelling such discovery requires invoking the corporate disregard doctrine. Defendant asserts that the threshold for invoking this equitable doctrine has not been met under the facts in this case.
BACKGROUND
Plaintiff was injured in a motorcycle accident on November 20, 1990, in Hyannisport, MA, while operating a 1987 Honda VT1100C Shadow motorcycle. Plaintiff brought suit against only AHM, the distributor of Honda motorcycles in the United States.
The VT1100C motorcycle was designed by Honda R&D Co., Ltd. (“R&D”), a Japanese corporation, and manufactured by Honda of America Mfg., Inc. (“HAM”), an Ohio corporation. Honda of North America, Inc., (“HNA”) coordinates the operations of subsidiaries in North America. Honda Motor Co., Ltd. (“HMC”), a Japanese corporation, is the parent corporation of all of these entities. There is a sharing of the stock ownership of HAM by HMC and AHM. Each of these entities is a separate corporation.
During discovery plaintiff served upon HAM twenty-eight (28) Interrogatories, sixty-four (64) Requests for Production of Documents and seventeen (17) Requests for Admissions. AHM responded to plaintiffs discovery with answers and documents within its possession.
Plaintiff now seeks an order compelling AHM to produce information and documents possessed by R&D, HAM, HNA and HMC, which plaintiff asserts defendant has “control” over, under federal case law interpreting the Federal Discovery Rule, Fed.R.Civ.P. 34.
Defendant asserts that plaintiffs motion does not sufficiently identify the information sought, pursuant to Superior Court Rule 30A, nor does it specify why responses to date are inadequate. Defendant argues that this lack of specificity alone should defeat plaintiffs motion aside from consideration of the corporate disregard doctrine.
DISCUSSION
Defendant seeks to invoke the restrictions inherent in the equitable doctrine of corporate disregard to defeat plaintiffs attempt to gain discovery from defendant’s corporate affiliates, subsidiaries and parent. ‘The corporate disregard doctrine[1] is normally used to pierce the corporate veil and hold shareholders, including parent corporations of wholly-owned subsidiaries” liable for torts of the corporation.” NCR Credit Corp. v. Underground Camera, Inc., 581 F.Supp. 609, 612 (D.Mass. 1984). In the instant case, plaintiff seeks discovery from AHM’s corporate affiliates, subsidiaries and parent but has not alleged that they are liable parties in this matter. This distinction raises a question of first impression in this court. Can the corporate disregard doctrine be invoked to defeat discovery of information and documents over which a party has arguable control, which information is possessed by entities affiliated with, but distinct from the litigating party? I do not think the corporate disregard doctrine comes into play in this situation.
Defendants have argued that they have no “control” over documents sought by plaintiff which are not in defendant’s possession. After producing those documents in their possession AHM asserts they have complied with discovery. However, an inquiring party is not barred from learning if particular papers or documents exist and in whose custody they are, even if such papers or documents may not themselves be suspect to disclosure order. LaRocca v. State Farm Mutual Auto Ins. Co., 47 F.R.D. 278, 282 (W.D. Pa. 1969). If documents sought to be produced are not in defendant’s custody or under their control, a statement to that effect would suffice to excuse defendant from compliance with an order for production, but if defendants know where or under whose control they presently are then defendants are required to so state in detail. RCA Mfg. Co., Inc. v. Decca Records, Inc., 1 F.R.D. 433, 436 (S.D.N.Y. 1940). Defendant stated in court that HNA is the legal arm of Honda’s North American enterprises, and that R&D provides the designs for motorcycles manufactured and sold in the U.S. This vague response reveals that defendant *224 knows which entities possess the information sought, but it is an insufficiently detailed response to plaintiffs request.
“Control" within the meaning of Rule 34 is broadly construed.[2] Addamax Corp. v. Open Software Foundation, Inc., 148 F.R.D. 462, 464 (D.Mass. 1993). The term “control” is fairly uniformly “defined not only as possession, but as the legal right to obtain the documents requested upon demand.” Id citing Searock v. Sampling, 736 F.2d 650, 653 (11th Cir. 1984). See also Camden Iron & Metal, Inc. v. Marubeni America Corp., 138 F.R.D. 438,441 (D.N.J. 1991). A party controls documents that it has the right, authority or ability to obtain upon demand. Addamax Corp. v. Open Software Foundation, 148 F.R.D. at 467, Scott v. Arex, Inc., 124 F.R.D. 39, 41 (D.Conn. 1989), Haseotes v. Abacabs Int’l Computers, Inc., 120 F.R.D. 12, 15 (D.Mass. 1988).
Although AHM asserts that it does not have a legal right to obtain the documents sought, it made no attempt to obtain the documents by making demand upon its corporation affiliates, subsidiaries or parent for this information. Thus, its denial of control is not dispositive.
In looking to a subsidiary’s possible control over documents possessed by its parent corporation, “the nature of the transactional relationship between the subsidiary and parent is pivotal." Addamax Corp. v. Open Software Foundation, 148 F.R.D. at 467. “Where the relationship is such that the agent-subsidiary can secure documents of the principal-parent to meet its own business needs and documents helpful for use in litigation, the court will not permit the agent-subsidiary to deny control for purposes of discovery by an opposing party.” Id. at 465, citing Gerling International Insurance Co. v. Commissioner of Internal Revenue, 839 F.2d 131, 141 (3rd Cir. 1989). To succeed on its motion, plaintiffs burden is to set forth a prima facie showing of control. Addamax, 148 F.R.D. at 465 n.3. Plaintiffs example of intercorporate cooperation in the NHTSA investigation satisfies this burden. Plaintiff has shown that when needed, defendant had access to the documents in its parent’s possession and the ability to obtain them.
To determine whether AHM has control over documents possessed by affiliates, such as R&D and HNA, the court looks for a structural interlocking between two companies and/or the ability to easily obtain requested information between affiliated companies. General Environmental Science Corp. v. Horsfall 136F.R.D. 130, 133 (N.D. Ohio 1991), M.L.C., Inc. v. North American Phillips Corp., 109 F.R.D. 134, 138 (S.D.N.Y. 1986).
Plaintiff has made a prima facie showing that the various Honda affiliates are structurally interlocked, via its showing of the parent corporation’s consolidated financial statement, which eliminates intercorporate accounts and transactions and reflects that the various affiliates operate as interrelated departments of the corporate parent, HMC. Plaintiff has further shown, by reference to the NHTSA investigation, that AHM has access to and has obtained information for its own use in the past, which was in the possession of affiliate R&D.
Finally, as to information in the possession of AHM’s subsidiary, HAM, the law clearly grants AHM “control” over such information. A litigating parent corporation has control over the documents in the physical possession of its subsidiary. Gerling Int’l. Ins. Co., 839 F.2d at 140; Camden Iron and Metal, 138 F.R.D. at 441; Cooper Industries, Inc. v. British Aerospace, Inc., 102 F.R.D. 918 (S.D.N.Y. 1984).
Defendant’s arguments as to the lack of specificiiy in plaintiffs motion to compel can be addressed to those particular Interrogatories or Requests for Production which defendant can justifiably argue are vague, overbroad or burdensome.
ORDER
Based upon the foregoing, it is hereby ORDERED that plaintiffs motion to compel discovery of documents is hereby ALLOWED, subject to defendant’s reasonable requests for clarification and specificity.

“Under Massachusetts law, a party requesting a court to disregard the corporate form must establish the existence of two conditions. First, the party must allege facts suggesting that representations of one corporation exercise some type of pervasive control over the activities of another corporation; or that there is a confused intermingling of activity of two or moré corporations engaged in a common enterprise with substantial disregard of the separate nature of the corporate activities . . .” NCR Credit Corp. v. Underground Camera Inc., 581 F.Supp. 609, 612 (D.Mass. 1984), citing My Bread Baking Co., v. Cumberland Farms, Inc., 353 Mass. 614, 618-19 (1968).
Second, the party must show that piercing the corporate veil is necessary to defeat fraud or wrong or to prevent gross inequity. NCR Credit Corp-> 581 F.Supp. at612. Only in those rare situations in which these two conditions exist may a court properly invoke the equitable doctrine of corporate disregard. Id.

Mass.R.Civ.P. 34 tracks the identical language of Fed.R.Civ.P. 34. Where language is taken verbatim from the federal rule it is “designed to conform to the holdings of the cases" construing the federal rules. Reporter's Notes (1973) on General Provisions Governing Discovery.