Cara Leslie **ALEXANDER,**
et al., Plaintiffs,

v.

**FEDERAL BUREAU OF
INVESTIGATION, et
al., Defendants.**

Nos. Civ. 97–2123 RCL, Civ. 97–1288 RCL.

United States District Court,
District of Columbia.

Dec. 7, 1998.

**124**

Larry Elliot Klayman, Judicial Watch, Inc., Washington, DC, for plaintiff.

James Jordan Gilligan, Elizabeth Jane Shapiro, Julia Fayngold, U.S. Department of Justice, Washington, DC, for defendant FBI and Executive Office of the President.

David Evan Kendall, Nicole Kay Seligman, Paul Benedict Gaffney, Williams & Connolly, Washington, DC, for defendant Hillary Rodham Clinton.

James Franklin Fitzpatrick, Michael R. Geske, Arnold & Porter, Washington, DC, Peter Z. Zimroth, Arnold & Porter, New York City, for defendant Bernard W. Nussbaum.

Randall James Turk, David S. Cohen, Miller, Cassidy, Larroca & Lewin, L.L.P., Washington, DC, for defendant Craig Livingstone.

Robert Weinberg, Bredhoff & Kaiser, P.L.L.C., Washington, DC, Robert Muze, Stein, Mitchell & Mezines, Washington, DC, for defendant Anthony Marceca.

Anthony J. Zaccagnini, Alison Elizabeth Goldenberg, Semmes, Bowen & Semmes, Baltimore, MD, for non-party Linda Tripp.

Kenneth Starr, Robert J. Bittman, Office of Independent Counsel, Washington, DC, for intervenor Office of Independent Counsel.

### MEMORANDUM AND ORDER

LAMBERTH, District Judge.

This matter comes before the Court on Plaintiffs' Emergency Request to Unstay the Deposition of Non–Party Linda R. Tripp, Non–Party Tripp's Motion to Stay, Non–Party Tripp's Motion for a Protective Order, and the United States' Motion to Stay Subpoena. Upon consideration of these motions, the applicable opposition and reply memoranda, and the relevant law, the Court's VACATES the part of its September 3, 1998 Memorandum and Order that temporarily stayed the Tripp deposition; Plaintiffs' Request to Unstay the Deposition of Non–Party Linda R. Tripp will be GRANTED; Non–Party Tripp's Motion to Stay will be DENIED; Non–Party Tripp's Motion for a Protective Order will be GRANTED IN PART and DENIED IN PART; and the United States' Motion to Stay Subpoena will be DENIED.

### I. *Background*

The underlying allegations in this case arise from what has become popularly known as "Filegate." Plaintiffs allege that their privacy interests were violated when the FBI improperly handed over to the White House hundreds of FBI files of former political appointees and government employees under the Reagan and Bush Administrations. The instant dispute revolves around the deposition of Linda R. Tripp.

As stated above, the basic allegation made by the plaintiffs in this case is that their rights under the Privacy Act were violated when their FBI file information was improperly handed over to the White House. Although Tripp is not a plaintiff in this case, the plaintiffs point to an allegedly improper release of her FBI security clearance information to *The New Yorker* magazine by the Department of Defense as potential evidence of government file misuse in the instant matter. Plaintiffs submit that it is reasonable to infer that the Department of Defense leaked this information to *The New Yorker* at the direction of the White House, with Sidney Blumenthal, Assistant to the President, being the conduit through which the information was transmitted. Plaintiffs have provided some basis for these allegations.

In a previous opinion, the Court addressed the specific issue of whether "plaintiffs should be able to pursue discovery into ... matters bearing on the obtaining and misuse of [Tripp's] government files in order to create the inference that it is reasonable to conclude that FBI files were obtained and misused in the instant case." In deciding that this subject matter is discoverable, the Court held:

The court concludes that this is a permissible inference for plaintiffs to pursue in discovery. Circumstantial evidence is defined as "proof that does not actually assert or represent the fact to be proven but from which a factfinder can infer an increased probability that the fact exists." Mueller & Kirkpatrick, *Evidence* § 4.1 (1995). Certainly the inference that plaintiffs seek to establish fits within this definition. Whether any circumstantial evidence that plaintiffs may unearth will ultimately be admissible at trial is an issue that need not be considered at this time.

*Alexander v. FBI*, C.A. 96–2123, Memorandum and Order at 6–7 (D.D.C. Apr. 13, 1998). Thus, on April 13, 1998, the Court found that information relating to the obtaining and misuse of Tripp's government files is discoverable in this case.

On August 21, 1998, plaintiffs served a subpoena duces tecum upon Tripp. The deposition and return date for the subpoena were eventually set for September 4, 1998. On August 28, 1998, the United States, by Kenneth W. Starr, Independent Counsel (OIC), filed a motion for permission to intervene to seek a stay of the Tripp deposition and related document production until the completion of the OIC's grand jury investigations. On September 2, 1998, the Court orally requested that the OIC make an *in camera, ex parte* submission of certain grand jury information to the Court, which was placed under seal. On September 3, 1998, Tripp filed her own motion for protective order and motion for a stay of her deposition. On September 3, 1998, the Court granted the motion of the United States, by the Independent Counsel, to intervene. Further, the Court "temporarily stayed" plaintiffs' subpoena duces tecum for the deposition of Tripp and the production of certain documents and items.[1]

For the reasons stated below, the Court will now VACATE the part of its September 3, 1998 Memorandum and Order that temporarily stayed the Tripp deposition, GRANT plaintiffs' request to unstay the Tripp deposition, DENY non-party Tripp's motion to stay her deposition, and GRANT IN PART and DENY IN PART non-party Tripp's motion for a protective order, and DENY the United States' Motion to Stay Subpoena.

## II. *Analysis*

█  The effect of the Court's decision today is to lift its temporary stay of the deposition of Linda Tripp, but to do so with certain limitations placed on the deposition and document production, pursuant to this order. This result comports with the valid arguments and concerns set forth by the parties, the deponent, and intervenor OIC, in addition to complying with the applicable law.

As an initial matter, and as stated above, the plaintiffs are entitled to depose Tripp because they "should be able to pursue discovery into ... matters bearing on the obtaining and misuse of [Tripp's] government files." *Alexander v. FBI*, C.A. 96–2123, Memorandum and Order at 6 (D.D.C. Apr. 13, 1998). Thus, to the extent that plaintiffs seek information relevant to this specific line of inquiry, they are attempting to discover matter that may be admissible as circumstantial evidence at trial.

The converse of this holding is also true. That is, the plaintiffs may *only* inquire into matters reasonably calculated to lead to the discovery of admissible evidence on the issues of the obtaining or misuse of Tripp's government files, the obtaining and misuse of the plaintiffs' government files, and matter subsumed by these subject areas. The allowance of this deposition to go forward does not grant plaintiffs a "roving commission" to investigate the subject matter of other alleged scandals involving the White House, the deponent, or any other entity. Given past disputes on what exactly falls within this limited scope of discoverable matter, the Court will be explicit on two issues. First, as the Court states in another opinion issued this day concerning the re-deposition of Terry Good, Director of the White House Office of Records Management, the subject matter of the Monica Lewinsky scandal and investigation falls clearly outside of the scope of

---

1. The OIC's motion to intervene, having already been granted in a previous order, is not at issue today. The only remaining matter on the OIC's motion is its request for a stay of the subpoena.

discoverable material in this case. Second, with regard to plaintiffs' line of questioning on the White House Travel Office investigation (also known as "Travelgate"), the only apparent connection in substance between it and the current case is the possible misuse of the government file of Billy Dale, a former Travel Office employee. Although the plaintiffs are certainly entitled to inquire into the obtaining and misuse of Dale's government file, this common thread cannot lead to the discoverability of any and all Travelgate matters. Therefore, pursuant to FED.R.CIV.P. 26(c), the Court will grant non-party Tripp's motion for a protective order insofar as plaintiffs seek to question her or have her produce documents through inquiries not reasonably calculated to lead to the discovery of admissible evidence on the obtaining or misuse of government files related to the FBI files matter, as discussed in this paragraph.[2]

The Court will grant non-party Tripp's Motion for a Protective Order in one further regard. It appears that counsel for both Tripp and the plaintiffs agree that to the extent the plaintiffs seek information regarding threats to Tripp's physical safety in connection with the FBI files matter, these questions and responses should be kept under seal. *See Plaintiffs' Opposition to Non–Party Tripp's Motion for Protective Order* at 4; *Non–Party Tripp's Motion for a Protective Order* ¶ 7. The Court agrees with the concerns of the parties, and will hereby grant Tripp's motion for a protective order in this limited regard. All testimony and related discussion involving threats directed toward Tripp in regard to her testimony on the FBI files matter shall be placed under seal.

Tripp's other requests for a protective order on several document requests under the subpoena duces tecum are subsumed under the Court's protective order on all inquiries not reasonably calculated to lead to the discovery of admissible evidence on the obtain-

ing or misuse of government files in the FBI files matter. Tripp seeks a protective order on the following requests:

6. Any and all records, correspondence, notes, communications or other documents concerning or relating to any attempt to persuade you to withhold information from investigators and/or the public about conduct of members of the Clinton Administration or to otherwise not cooperate with investigators and/or court proceedings concerning the Clinton Administration.

7. Any and all records, correspondence, notes, communications or other documents concerning or relating to the White House, Federal Bureau of Investigation, the DoD and the obtaining and use of government files.

8. Any and all documents evidencing threats or perceived threats against you or others who have been employed by and/or involved with the Clinton Administration.

19. Any and all records, correspondence, notes, communications or other documents that concern or relate to facts that support your July 29, 1998, public statement that, "As a result of simply trying to earn a living, I became aware between 1993 and 1997 of actions by high government officials that may have been against the law."

20. Any and all records, correspondence, notes, communications or other documents that concern or relate to facts that support your July 29, 1998, public statement that, "For that period of nearly five years [between 1993 and 1997], the things I witnessed concerning several different subjects made me increasingly fearful that this information was dangerous, very dangerous, to possess."

*Plaintiffs' Subpoena Duces Tecum, Schedule of Documents.* All of these requests (with the possible exception of number 7), as written, are overbroad in that they would include information not reasonably calculated to lead

---

2. Because the Court grants non-party Tripp a protective order in this regard, the Court finds that the concerns of the OIC, as stated in their *in camera* submissions on the progress of the grand jury investigation as it involves Tripp, are obviated. In sum, the relevant scope of discovery in this case does not include the Lewinsky matter, and it does not implicate any of the other con-

cerns presented to the Court by the Independent Counsel's office. Because the Court has already granted the OIC's motion to intervene, representatives of the OIC may attend the deposition and assert their objections pursuant to the Federal Rules of Civil Procedure to further protect the integrity of the grand jury investigation.

to the discovery of admissible evidence in this case. Moreover, they do not even approach comporting with this Court's previous directives on the scope of discoverable matter in this case. Nonetheless, because the Court grants Tripp a protective order insofar as plaintiffs seek to question her or have her produce documents by inquiries not reasonably calculated to lead to the discovery of admissible evidence on the obtaining or misuse of government files related to the FBI files matter, all of these requests become properly tailored. Because these requests are appropriate, when read in conjunction with the Court's protective order granted this date, Tripp's request for a protective order on these specific items will be denied.

■ Finally, the Court denies non-party Tripp's Motion for a Protective Order in all other respects. The Court specifically rejects Tripp's request to prevent plaintiffs from videotaping her deposition. The Court has stated in a previous opinion in this case that it will allow plaintiffs to videotape their depositions. *See Alexander v. FBI*, C.A. 96–2123, Memorandum and Order at 9–11 (D.D.C. June 15, 1998); *see also Doe v. District of Columbia*, 697 F.2d 1115, 1119 (D.C.Cir.1983). The Court sees no valid reason to make an exception in this instance. Fed.R.Civ.P. 26(b)(2) specifically provides for the videotaping of depositions. All of the normal advantages of videotaping depositions are implicated in this case. *See Riley v. Murdock*, 156 F.R.D. 130, 131 (E.D.N.C. 1994) (discussing the various advantages to this form of testimony, including its ability to allow a better evaluation of the credibility of the deponent). These advantages are strengthened in the present case given the Court's grant of Tripp's request to have the portions of the deposition sealed that implicate threats made to her regarding her testimony and the Court's grant of a protective order on all matters outside the scope of the FBI files matter. Further, all of Tripp's other concerns, as stated in her Motion for a Protective Order, are remedied by the provisions of the Court's protective order. Finally, the videotaping of the depositions in this matter are useful for a reason overlooked by both parties; that is, it allows the Court to observe how the attorneys conduct themselves in the depositions, which often becomes relevant on the issue of sanctions. Therefore, the Court finds that Tripp has not shown good cause for the Court to limit the taking or future use of her video deposition.

III. *Conclusion*

For the reasons stated above, it is hereby ORDERED that:

1. The part of the Court's September 3, 1998 Memorandum and Order that temporarily stayed the deposition of Linda Tripp is VACATED;

2. Plaintiffs' Request to Unstay the deposition of Linda Tripp is GRANTED;

3. Non–Party Tripp's Motion to Stay is DENIED;

4. Non–Party Tripp's Motion for a Protective Order is GRANTED IN PART and DENIED IN PART. In this regard, it is FURTHER ORDERED that:

(a) The Court GRANTS non-party Tripp a protective order on all matters not reasonably calculated to lead to the discovery of admissible evidence on the issues of the obtaining or misuse of Tripp's government files, the obtaining and misuse of the plaintiffs' government files, or matter subsumed by these subject areas.

(b) The Court GRANTS non-party Tripp's request for a protective order in that all testimony and related discussion involving threats directed toward Tripp in regard to her testimony on the FBI files matter shall be placed under seal.

(c) The Court DENIES non-party Tripp's Motion for a Protective Order in all other respects.

5. Intervenor United States, by Kenneth W. Starr, Independent Counsel's Motion to Stay Subpoena is DENIED.

6. By previous order, the Court has already limited the time allotment for all depositions to six hours. The Court hereby MODIFIES that order, for the purposes of this deposition only, in the following respects:

(a) Plaintiffs shall have up to six hours for their examination of non-party Tripp.

**128**

(b) Should defendants require time beyond this six hours for their own examination, if any, they shall be granted a hearing before the Court at the start of the next business day following the plaintiffs' examination. At that time, the Court will, for good cause shown, grant defendants a reasonable amount of time for such further examination.

7. Intervenor United States, by the Office of the Independent Counsel, may attend the deposition of Non–Party Tripp to assert any appropriate objections necessary to protect the integrity of its grand jury investigation.

SO ORDERED.