**Joseph A. ALBERTI, et al., Plaintiffs,**

v.

**GENERAL MOTORS CORPORATION, Defendant.**

Civ. A. No. 84–0888.

United States District Court, District of Columbia.

Nov. 30, 1984.

Lowell E. Sachnoff, Sachnoff, Weaver & Rubenstein, Chicago, Ill., Timothy J. Bloomfield, Dunnells, Duvall, Bennett & Porter, Washington, D.C., for plaintiffs.

Jeffrey S. Davidson, Kirkland & Ellis, Washington, D.C., for defendant.

### MEMORANDUM AND ORDER

JACKSON, District Judge.

This matter is now before the Court on plaintiffs' motion pursuant to 28 U.S.C.

---

§ 455(a) for my recusal as trial judge herein on the ground that there is reason to believe that my impartiality "might reasonably be questioned."[1] The motion originates in an observation I made during an off-record status conference in chambers on October 2, 1984, to the effect that, having heard evidence for some months in the case of *United States v. General Motors Corporation,* Civil Action No. 83–2220 (the "government case"),[2] I would unavoidably be affected to some extent by the knowledge I had acquired thereby in presiding over this case. This case, a class action in which plaintiffs claim damages from defendant General Motors ("GM") for alleged breaches of express and implied warranties made to the plaintiff-purchasers of the same motor vehicles involved in the "government case," presents many of the factual, and at least some of the legal, issues already (or to be) encountered in the "government case"; indeed, it was by reason of their affinity that both cases were assigned to me under this district court's local "related case" rule, D.D.C. Rule 3–4. I invited counsel for both sides to give thought to whether the circumstance gave either a reason to ask for my recusal, and, if so, to raise the issue promptly, before the case had progressed beyond the optimum point for reassignment if it were warranted. They have done so, and this contested motion has ensued.

Despite language in some decisions suggesting that recusal is the better practice whenever a judge's impartiality might be questioned for any non-frivolous reason, *see, e.g., Hall v. Small Business Administration,* 695 F.2d 175, 178 (5th Cir.1983); *Potashnick v. Port City Construction Company,* 609 F.2d 1101, 1111 (5th Cir.) *cert. denied,* 449 U.S. 820, 101 S.Ct. 78, 66 L.Ed.2d 22 (1980), other cases, including several from this circuit, teach that a judge

to whom a motion for recusal is addressed must give consideration to policies other than just that of preserving the judicial detachment (or its appearance) which is assumed to accompany a complete absence of familiarity with the subject matter of the action. Thus, in order to discourage "judge shopping" it has been recognized that a judge is as obliged not to recuse himself when there is no occasion for his doing so as he is to step aside when he should. *United States v. Mitchell,* 377 F.Supp. 1312, 1325 (D.D.C.1974), *aff'd sub nom. United States v. Haldeman,* 559 F.2d 31 (D.C.Cir.1976), *cert. denied sub nom. Ehrlichman v. U.S.,* 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977), *reh'g denied sub nom. Mitchell v. United States,* 433 U.S. 916, 97 S.Ct. 2992, 53 L.Ed.2d 1103 (1977). And, in the interest of conserving judicial resources, the judge should acknowledge that his experience with complex issues in an earlier case may actually enhance the likelihood of a speedy and inexpensive determination of a later case without necessarily diminishing its prospects for a just one. *Cf. In re Corrugated Container Antitrust Litigation,* 614 F.2d 958, 963–64 (5th Cir.), *cert. denied, Mead Corporation v. Adams Extract Company,* 449 U.S. 888, 101 S.Ct. 244, 66 L.Ed.2d 114 (1980); *In re Hawaiian Hotel Room Rate Antitrust Litigation,* 438 F.Supp. 935, 936 (J.P.M.D.L.1977).[3]

Insofar as prior acquaintance with the subject matter of a case derived from sources *dehors* its own record is concerned, the cases appear to hold that it is not foreknowledge *per se* which gives rise to misgivings of a recusable order about a judge's impartiality, but, rather, *extrajudicial* knowledge, i.e., that which he may have acquired in a nonjudicial capacity. *See U.S. v. Mitchell, supra; U.S. v. Jackson,* 627 F.2d 1198, 1207 & n. 20 (D.C.Cir.

---

**1.** They do not suggest "personal bias or prejudice" as a basis for disqualification under 28 U.S.C. § 144.

**2.** The "government case" is a statutory action brought by the United States under the National Traffic and Motor Vehicle Safety Act of 1966, 15 U.S.C. § 1381 *et seq.,* to compel General Motors

to recall approximately 1.1 million 1980 X-cars it is alleged to have marketed with a defective braking system.

**3.** Judicial economy is, in part, the policy underlying the "related case" rule.

1980); *In re Corrugated Container Antitrust Litigation,* 614 F.2d at 965; *U.S. v. Professional Air Traffic Controllers Organization,* 527 F.Supp. 1344, 1359 (N.D. Ill.1981); *United States v. Baker,* 441 F.Supp. 612, 618 (M.D.Tenn.1977).

Such knowledge as I now possess with respect to the braking systems of defendant G.M.'s 1980 X-cars, and the circumstances of its offering them for sale to the public, has been acquired by me, *in toto,* in a judicial capacity. It derives entirely from the evidence adduced by both sides in the "government case," presumably in accordance with the rules of evidence, and tested by the adversary process, and it is not, therefore, the raw perceptions emanating from personal experience which the cases seem to contemplate as likely to have compromised an open judicial mind. I am certain that learning will facilitate my comprehension of the issues to be litigated here, and I am reasonably certain it has not left any significant residue of preconceptions about them. I note also that the "government case"—after 84 days of trial and no end yet in sight—remains very much at issue. No facts have been found nor conclusions of law reached, and the merits are now and will remain altogether unresolved until the record has closed and the parties have made their post-trial submissions and argued the case.

In summary, I conclude that the education I have received in brake design and engineering, vehicle dynamics, automotive safety regulation, and like subjects has been obtained from appropriate sources, has not resulted in any discernible predisposition on my part, and will be of considerable benefit to me in attempting to make informed rulings on the issues the parties are likely to bring before me here. For the foregoing reasons, therefore, it is, this 29th day of November, 1984.

ORDERED, that plaintiffs' motion for recusal is denied.