Cara Leslie ALEXANDER, et al., Plaintiffs,

v.

FEDERAL BUREAU OF INVESTIGATION, et al., Defendants.

Nos. Civ. 96–2123 RCL, Civ. 97–1288 RCL.

United States District Court, District of Columbia.

March 31, 1999.

Larry Elliot Klayman, Judicial Watch, Inc., Washington, DC, for plaintiff.

James Jordan Gilligan, Elizabeth Jane Shapiro, Julia Fayngold, U.S. Department of Justice, Washington, DC, for defendant FBI and Executive Office of the President.

David Evan Kendall, Nicole Kay Seligman, Paul Benedict Gaffney, Williams & Connolly, Washington, DC, for defendant Hillary Rodham Clinton.

James Franklin Fitzpatrick, Michael R. Geske, Arnold & Porter, Washington, DC, Peter Z. Zimroth, Arnold & Porter, New York City, for defendant Bernard W. Nussbaum.

Randall James Turk, David S. Cohen, Miller, Cassidy, Larroca & Lewin, L.L.P., Washington, DC, for defendant Craig Livingstone.

Robert Weinberg, Bredhoff & Kaiser, P.L.L.C., Washington, D.C., Robert Muze, Stein, Mitchell & Mezines, Washington, D.C., for defendant Anthony Marceca.

## MEMORANDUM OPINION

LAMBERTH, District Judge.

This matter comes before the Court on Government Defendants' Motion [164] for Summary Judgment as to Plaintiffs Grimley and Black. Upon consideration of the gov-

ernment's motion, plaintiffs' opposition, and the government's reply thereto, the court will GRANT the government's motion.

## I.  Background

The underlying allegations in this case arise from what has become popularly known as "Filegate." Plaintiffs, who seek to be certified as a class under FED.R.CIV.P. 23, allege that their privacy interests were violated when the FBI improperly handed over to the White House hundreds of FBI files of former political appointees and government employees from the Reagan and Bush Administrations. The government's present motion only affects two of the plaintiffs involved in this consolidated case—Michael Grimley and David Lee Black.

The complaints filed by plaintiffs Grimley and Black both allege:

19. As members of the Reagan and Bush Administrations, Plaintiffs were required to have regular access to the White House. Plaintiffs left these positions prior to or at the beginning of the Clinton Administration, and have not needed regular access to the White House since that time.

20. In order to obtain regular access to the White House, Plaintiffs were required to receive security clearances by Defendant FBI.

*Grimley* Complaint ¶¶ 19–20.[1]

Plaintiffs Grimley's and Black's causes of action are based on the contentions that certain individuals within the Executive Office of the President during the Clinton Administration requested plaintiffs' background investigation reports from the FBI without proper justification and that the FBI provided this requested information. Thus, the plaintiffs within the alleged class would include, if the class were to be ultimately certified, those people whose FBI files were requested by the Executive Office of the President and released by the FBI without proper justification.

## II.  Analysis

### A.  Applicable Law

Rule 56 of the Federal Rules of Civil Procedure provides that "judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The government alleges that it meets this Rule 56(c) standard as to two issues. First, the government claims that plaintiffs Grimley and Black lack standing because neither have suffered any injury caused by the defendant. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Second, the government argues that neither Grimley nor Black has been "adversely affected," which is required to sustain a cause of action under the Privacy Act. *See* 5 U.S.C. § 552a(g)(1)(D).

Plaintiffs Grimley and Black do not contest or otherwise respond to the merits of the government's motion. Instead, they rely upon FED.R.CIV.P. 56(f), which states that "[s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Plaintiffs Grimley and Black claim that the knowledge of the facts that they would need to support their opposition are not within their control and that they have not had an adequate opportunity to learn these fact through discovery.

The court agrees with the government's argument and rejects plaintiffs Grimley's and Black's contention that they have not had an adequate time to learn facts that would create a genuine issue of material fact as to standing and adverse effect. Accordingly, the court will grant summary judgment against both of these plaintiffs.

1.  Plaintiffs never allege that the background in-    vestigations were improper.

B. *Discussion*

1. *Grimley*

■ The uncontroverted evidence in this case shows that the government is entitled to summary judgment against plaintiff Grimley. On October 29, 1991, during the Bush Administration, the White House requested that the FBI do a background investigation of Grimley. This White House request was accompanied by the proper authorizations, including a Standard Form 86 and "Authority for Release of Information" signed by Grimley on October 28, 1991. The FBI had completed Grimley's background investigation and had sent the results to the White House by February 24, 1992. Thus, as plaintiff Grimley's complaint alleges, an FBI background investigation was performed during the Bush Administration.

Plaintiffs can point to no evidence, however, that this FBI background investigation file was ever subsequently requested by anyone, much less the Executive Office of the President. Grimley's file was simply not one of the FBI files requested by the EOP.[2]

Whenever a copy of an existing background investigation report is provided to the White House, that release of information is recorded by a stamp in the original FBI background investigation file. *See* Affidavit of Sherry Carner, Exhibit A, ¶ 3. This stamp would note the date the FBI responded to the White House request, which records were requested, and to whom the records were provided. *Id.* Hence, if Grimley's file was released to the White House, such a release would be indicated on the file itself. As the government points out, however, no such stamp exists as to Grimley. Furthermore, the FBI maintains computerized records of the requests for information that it handles. *Id.* ¶ 5. When the FBI receives a request for a copy of a person's existing FBI background investigation report, that information is logged into a computer database. *Id.* That entry would specifically reflect the name of the requesting party. *Id.* Again, the FBI's computer records contain no such entry for the release of Grimley's FBI background investigation file, thereby corroborating the evidence shown from the absence of the stamp on Grimley's file and plaintiff Grimley's silence on the matter.

In summary, the uncontroverted summary judgment evidence in this case shows that Grimley's background investigation report was never requested by the Executive Office of the President during the Clinton Administration. Plaintiffs point to no evidence that creates a genuine issue of material fact as to these determinative facts. Therefore, plaintiff Grimley can show no adverse affect in terms of the Privacy Act. Accordingly, summary judgment must be granted against Grimley.

2. *Black*

■ The uncontroverted summary judgment evidence in this case also shows that the government is entitled to summary judgment against plaintiff Black. In short, the government has shown by competent summary judgment evidence, including deposition testimony and an affidavit, that plaintiffs' inclusion in this case is a mistake of misidentification. The government does not dispute that it requested a copy of an existing FBI background investigation report of a person named David Lee Black. The FBI file requested on David Lee Black, however, does not in any way involve the David Lee Black against whom summary judgment is now sought.[3]

On December 17, 1993, the FBI responded to a request from the White House for a copy of the existing FBI background investigation summary report on David Lee Black. The identifying information for that person, however, does not match up with the identifying information given by plaintiff Black at his deposition. Carner Decl., Exhibit A, ¶ 6. At

---

**2.** EOP admits that it requested the FBI background investigation reports of other plaintiffs in this case.

**3.** The court will refer to "plaintiff Black" as the short-hand reference for the David Lee Black whose deposition was taken on March 11, 1998 and against whom summary judgment is now sought. The court realizes, however, that if plaintiffs' class is certified, the true David Lee Black whose file was requested may still become a member of that class, were one to be certified.

his deposition, plaintiff Black gave certain identifying information, such as his social security number, date of birth, and place of birth. Black Depo., Exhibit B, at 7–8. None of the identifying information provided by plaintiff Black matches that of David Lee Black's FBI file that was admittedly requested by the White House and released by the FBI. Carner Decl., Exhibit B, ¶ 6. Hence, it is clear that this is simply a case of misidentification.

Importantly, plaintiffs point to no controverting evidence at all. Black admitted at his deposition that if his "file was not sent from the FBI to the White House" then he could not "point to any other damages" that he may have suffered. Black Depo. at 201. Yet, the only support that Black has for the proposition that his FBI file was in any way involved in this release to the White House was that the name "David Lee Black" appeared in a *Washington Times* newspaper article that purported to list the names of those people whose FBI files were so released. This, of course, does not raise a genuine issue of material fact as to whether plaintiff Black is the person whose FBI file was requested or released. In fact, Black even admitted at his deposition that many of the factual allegations made in his complaint do not even describe him or his circumstances. Specifically, plaintiff Black's job with the Department of Energy form 1991–1993 never required him to have direct access to the White House. Black Depo. at 15. He had only been to the White House as a tourist and had never even been to the Old Executive Office Building as a Department of Energy employee. *Id.* at 15–18. This testimony further supports the holding that plaintiff Black is not the David Lee Black that could be a plaintiff in this case.

In summary, all of the summary judgment evidence shows that the David Lee Black whose FBI file was admittedly requested by the White House and provided by the FBI is not the same person as plaintiff Black. Plaintiff Black points to no evidence to the contrary. Therefore, plaintiff Black cannot show any injury in fact for the purposes of standing or adverse effect in terms of the Privacy Act. Therefore, summary judgment must be granted against him.

### C. *Plaintiffs' Rule 56(f) Argument Must Be Rejected*

The court rejects plaintiffs Grimley's and Black's reliance on FED.R.CIV.P. 56(f), their sole defense to summary judgment. As explained above, the court "may" deny a motion for summary judgment as premature if "for reasons stated" by affidavit the party opposing summary judgment cannot present the necessary facts to justify an opposition. *See* FED.R.CIV.P. 56(f). The "reasons stated" by plaintiffs Black and Grimley are that they have "no personal knowledge" of the record-keeping practices of the FBI, that these facts are within the exclusive control of the FBI, and that the time for the discovery of these types of issues has not yet arisen. These arguments must be rejected.

■ First, there is no merit to the contention that plaintiffs cannot oppose the government's motion because the facts "with regard to record-keeping" are solely within the control of the government. While it is true that summary judgment can and should regularly be denied when the facts necessary to oppose such a motion are exclusively within the movant's control, this is simply not the case here. The only pertinent facts are those listed in today's opinion. Namely, there is a total absence of evidence from any source as to the acquisition or release of Grimley's FBI file and there is no genuine issue of material fact as to the misidentification of plaintiff Black. These are facts that were revealed in depositions and by affidavit and that are corroborated by other evidence. Plaintiffs Grimley and Black merely guess that if they had access to some "record-keeping" information, they may be able to create a genuine issue of material fact. Rule 56(f), however, was not intended to allow speculation to defeat summary judgment. *See McVan v. Bolco Athletic Co.,* 600 F.Supp. 375, 378 (E.D.Pa. 1984) ("Rule 56(f) does not provide parties with a doctrinal vehicle for defeating motions for summary judgment based on unsupported speculation about what may be forthcoming if an extension is granted.").

This is especially true because plaintiffs Grimley and Black have had an adequate opportunity for discovery of these types of facts. Plaintiffs Grimley and Black have now had twenty months to raise at least a genuine issue of material fact as to the government's arguments. Indeed, the government's arguments have been set out in full for the plaintiffs and have been pending for over one year, since the government's motion was filed on March 17, 1998. Moreover, plaintiffs' claims of inadequate time for discovery ring hollow when plaintiffs have used up all of their depositions allowed without leave under the Federal Rules of Civil Procedure as to class certification.[4] Plaintiffs Grimley and Black have succeeded in taking the depositions of several newsworthy deponents but have neglected to obtain information such as whether they are even the proper plaintiffs. In short, plaintiffs Grimley and Black have failed to take advantage of discovery available to them to this point. *See* CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 2741, at 431 (1998) ("[A] request for relief under Rule 56(f) is extremely unlikely to succeed when the party seeking the delay has failed to take advantage of discovery.") For these reasons, the court rejects plaintiffs' argument based on FED.R.CIV.P. 56(f).

### III. *Conclusion*

For the reasons stated above, the Government Defendants' Motion [164] for Summary Judgment as to Plaintiffs Grimley and Black will be GRANTED.

---

4. The court has ordered that the first phase of discovery in this case should proceed on the issues of class certification and whether certain individual defendants acted in the course and scope of their official duties such that the United States should be substituted for them as a party. Clearly, whether a plaintiff's FBI file was ever requested by the Clinton Administration and provided by the FBI, or whether a plaintiff is the properly identified subject of such a file, would both be discoverable under the class certification prong of the first phase of discovery. These are among the very facts that determine whether any given person is a member of the class seeking to be certified.