**Linda R. TRIPP, Plaintiff,**

v.

**EXECUTIVE OFFICE OF THE PRESIDENT, et al., Defendants.**

No. CIV. 99–2554 RCL.

United States District Court, District of Columbia.

June 14, 2000.

Stephen M. Kohn, David A. Colapinto, Michael D. Cohn, Kohn, Kohn, & Colapinto, Washington, DC, for Linda R. Tripp, plaintiff.

David W. Ogden, Acting Asst. Atty Gen., Wilma A. Lewis, U.S. Atty, Anne L. Weisman, Sylvia T. Kaser, U.S. Dept. of Justice, Civil Div.: Federal Programs Branch, Washington, DC, for Government Defendants.

William J. Murphy, Murphy & Shaffer, Baltimore, MD, for Kenneth Bacon defendant.

William J. Hardy, Karalekas & Noone, Washington, DC, for Clifford Bernath, defendant.

## MEMORANDUM AND ORDER

## (APPLICATION FOR INTERVENTION)

LAMBERTH, District Judge.

This matter comes before the court on the Application for Intervention of Cara Leslie Alexander, *et al.,* plaintiffs in *Alexander v. FBI, et al.,* 186 F.R.D. 154 (D.D.C.1999) (*"Alexander"*). The *Alexander* plaintiffs move to intervene as of right, FED. R. CIV. P. 24(a), or in the alternative, for permissive intervention. FED. R. CIV. P. 24(b). Upon consideration of the application, the oppositions thereto, the applicable law, and for the reasons set forth below, the court hereby DENIES the application for intervention.

## I. BACKGROUND

The instant case concerns the release of information from Linda Tripp's security clearance application by the Department of Defense ("DoD") to Jane Mayer, a reporter from *The New Yorker* magazine. *See Tripp v. Executive Office of the President,* 194 F.R.D. 340, 340–41 (D.D.C.2000) (detailing alleged circumstances of the release). Claiming that the release violated her rights under the Privacy Act, 5 U.S.C. § 552a (1994), Tripp seeks damages and injunctive relief against the Executive Office of the President ("EOP"), the Federal Bureau of Investigation ("FBI") and the United States Department of Defense ("DoD"). She also seeks recovery from certain named individual defendants, Kenneth Bacon, Clifford Bernath, and Jane and John Does 1–99, for an alleged conspiracy to violate Tripp's civil rights under the Civil Rights Act of 1871, 17 Stat. 13, cl. 2 and 42 U.S.C. § 1985(2). In addition, Tripp brings pendent state common law claims against defendants Bacon and Bernath based on the torts of invasion of privacy and civil conspiracy.

As noted above, the *Alexander* plaintiffs propose to intervene in this case, either as a matter of right or permissively, pursuant to Rule 24 of the Federal Rules of Civil Procedure. More commonly known as "Filegate," the *Alexander* case has been filed as a class action and involves allegations that plaintiffs' privacy interests were violated when, in 1993 to 1994, the FBI improperly handed over to the White House hundreds of FBI files of former political appointees and government employees under the Reagan and Bush Administrations. *Alexander v. FBI, et al.,* 186 F.R.D. 180, 182 (D.D.C.1999). Over the course of discovery in *Alexander,* this court has authorized discovery into the circumstances of the Tripp release, having determined that this avenue of discovery is appropriate insofar as "plaintiffs may seek to create the inference that if the White House misused government information for political purposes in the case of the Tripp release, such evidence may be circumstantial evidence of the similar conduct alleged in plaintiffs' complaint." *Alexander v. FBI, et al.,* 186 F.R.D. 154, 158 (D.D.C.1999). And, the court has determined that the *Tripp* case and the *Alexander* case are related cases under Local Civil Rule 40.5(a). *See Tripp v.*

*Executive Office of the President,* 194 F.R.D. 340, 344 (D.D.C.2000).

## II. DISCUSSION

### A. Intervention of Right Under Rule 24(a)(2)

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides that

> [u]pon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

FED. R. CIV. P. 24(a)(2). Courts examine four factors to determine whether to grant a motion for intervention under Rule 24(a)(2): (1) the timeliness of the motion; (2) whether the applicant claims an interest relating to the property or transaction that is the subject of the action; (3) whether the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest and (4) whether the applicant's interest is adequately represented by the existing parties. *Mova Pharmaceutical Corp. v. Shalala,* 140 F.3d 1060, 1074 (D.C.Cir.1998). In evaluating these factors, "[t]he decision whether intervention of right is warranted thus involves an accommodation between two potentially conflicting goals: to achieve judicial economies of scale by resolving related issues in a single lawsuit, and to prevent the single lawsuit from becoming fruitlessly complex or unending." *Smuck v. Hobson,* 408 F.2d 175, 178 (D.C.Cir.1969). In addition, a proposed Rule 24 intervenor must satisfy the same requirements for Article III standing as the original parties. *Building & Const. Trades Dep't v. Reich,* 40 F.3d 1275, 1282 (D.C.Cir.1994).

Plaintiffs contend that they have met the threshold requirements for intervention as of right under Rule 24. They assert that their application is timely because it was filed during the early stages of the *Tripp* case. With respect to their interest in the subject of Tripp's action, the *Alexander* plaintiffs contend that, like the intervenors in *Foster v. Gueory,* 655 F.2d 1319, 1324 (D.C.Cir.1981), "they have suffered injury from the same or very similar wrongful acts as those complained of by the original plaintiff[ ] and [their] claims for relief are founded on the same statutory rights." *Foster,* 655 F.2d at 1324–25. Moreover, they advance that the "interest requirement" is to be liberally construed, stating that it is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Id.* at 1324. The *Alexander* plaintiffs further assert that their interests could be impaired by an adverse ruling in the *Tripp* case and that "the opportunity to raise the same issue in another forum [is] no bar to intervention as of right." *Nuesse v. Camp,* 385 F.2d 694, 700 (D.C.Cir.1967). Finally, the proposed intervenors contend that their interests are not adequately represented in *Tripp* because they seek to vindicate "broader, though similar harms, inflicted on a group of similarly-situated persons." Application for Intervention, at 15.

Defendants EOP, FBI, DoD, Kenneth Bacon, and Clifford Bernath oppose intervention by the *Alexander* plaintiffs. As a preliminary matter, they note that proposed intervenors' application is procedurally defective, as it was not "accompanied by a pleading setting forth the claim or defense for which intervention is sought." FED. R. CIV. P. 24(c). Next, they assert · that the proposed intervenors present only a speculative interest in the *Tripp* litigation. Alternatively, they contend that even if a sufficient interest does exist, no impairment would result if their application were denied because they have the opportunity to protect their interests in their own case.

The court finds that allowing the *Alexander* plaintiffs to intervene would make the *Tripp* case "[in] compatible with efficiency," *Foster,* 655 F.2d at 1324, and would result in the *Tripp* case becoming "fruitlessly complex and unending." *See Smuck,* 408 F.2d at 178. First, even if their application for interven-

tion was timely insofar as it was brought early on in the *Tripp* litigation, the two cases are at radically different stages of litigation.[1] Specifically, the *Alexander* case has been underway for over three years, and has entailed considerable discovery, including numerous depositions. By contrast, as the proposed intervenors acknowledge, the *Tripp* case is in the nascent stage, with an amended complaint having been filed early this year and no discovery undertaken to date. Second, even though the two cases share common issues of fact, as this court has concluded in finding that the two cases are related for purposes of Local Rule 40.5, *see Tripp v. Executive Office of the President*, 194 F.R.D. 340, 344 (D.D.C.2000), that fact alone is not sufficient to warrant intervention here. Proposed intervenors fail to articulate any manner, beyond mere speculation, in which their interests might be impaired in the *Tripp* case. Nor do the proposed intervenors demonstrate that their interests will not be adequately represented in *Tripp*, where plaintiff Tripp's interests can hardly be characterized as adverse to the *Alexander* plaintiffs. And, notwithstanding these considerations, the proposed intervenors already have a forum-their own case-in which to protect their interests.

Moreover, the court finds *Foster v. Gueory*, on which proposed intervenors principally rely, to be readily distinguishable from this case. In *Foster*, three proposed intervenors sought to intervene in an already pending class action. Notably, the intervenors in *Foster* did not have their own case already pending. By contrast, in *Alexander*, more than 700 putative class members seek intervention in a single plaintiff suit. Allowing the *Alexander* plaintiffs to intervene would unnecessarily complicate and protract the adjudication of Tripp's case. And, rather than serve judicial economy, intervention here would only frustrate the judicial task. Indeed, because extensive discovery has already been concluded in *Alexander*, intervention would make discovery rulings an endlessly complex task, as the court would have to carefully scrutinize every discovery request posed by the intervenors to ensure that they were not using their intervenor status in *Tripp* to obtain what they would not be entitled to get in their own case. In short, intervention would spawn numerous collateral issues that would not necessarily be germane to *Tripp* and would greatly impair her ability to move her case forward. Furthermore, this result is further compelled by the fact that, unlike the *Foster* intervenors, the *Alexander* plaintiffs have their own case that has been underway for several years, in which considerable discovery has already been conducted. Thus, given the radically different postures of the two cases, the court finds that the balance between accommodating the conflicting goals of judicial economies of scale and avoiding unmanageable complexity weighs against intervention, particularly, where, as here, proposed intervenors have failed to demonstrate in any meaningful way how their interest might be adversely impacted or inadequately represented in *Tripp*.

### B. Permissive Intervention Under Rule 24(b)

Rule 24(b) provides that

> [u]pon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.

FED. R. CIV. P. 24(b). A successful applicant under Rule 24(b)(2) must demonstrate a "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *Equal Employment Opportunity Comm. v. National Children's Ctr.*, 146 F.3d 1042, 1046 (D.C.Cir.1998) (citations omitted). Moreover, "[a]s its name would suggest, permis-

---

1. While defendants correctly note that the proposed intervenors failed to include a complaint along with their application for intervention, and therefore, their application is procedurally defec-tive, because the *Alexander* plaintiffs subsequently cured this defect, the court will address the substance of their application.

sive intervention is an inherently discretionary enterprise." *Id.* at 1045; *see also id.* at 1048 (stating that "[d]istrict courts have discretion ... to deny a motion for permissive intervention even if a movant has established an independent jurisdictional basis, submitted timely motion, and advanced a claim or defense that shares a common question with the main action"). To that end, Rule 24(b) further provides that "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." FED. R. CIV. P. 24(b).

█ The court also finds that permissive intervention under Rule 24(b) is not appropriate. As noted above, permissive intervention rests largely in the discretion of the district court, who must consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." FED. R. CIV. P. 24(b). The same considerations that compelled the court to decline intervention as of right are equally applicable here. *See supra* p. 347. As explained above, the collateral issues and undue complications that would ensue from intervention by the *Alexander* plaintiffs would unreasonably frustrate and prolong the *Tripp* case, to say nothing of how it would negatively impact the court's ability to manage both of these cases.

## III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the *Alexander* plaintiffs' application for intervention is DENIED.

SO ORDERED.