**Billy Ray DALE, Plaintiff,**

**v.**

**EXECUTIVE OFFICE OF THE PRESIDENT, Defendant.**

**No. CIV.A. 99–2453(RMU).**

United States District Court, District of Columbia.

Oct. 19, 2000.

Larry Elliot Klayman, Paul J. Orfanedes, Klayman & Assoc., PC, Washington, DC, for plaintiff.

Mark T. Quinlivan, U.S. Dept. of Justice, Federal Programs Branch, Washington, DC, for defendant.

## *MEMORANDUM OPINION*

URBINA, District Judge.

### Denying the Plaintiff's Motion Appealing the Denial of Related–Case Status

### I. INTRODUCTION

This case requires the court to examine the scope of the "Related Cases" rule, Local Civil Rule 40.5 of the United States District Court for the District of Columbia. Plaintiff Billy Ray Dale ("the plaintiff" or "Mr. Dale") appeals from United States District Judge Royce Lamberth's denial of related-case status to this matter and from Judge Lamberth's decision that this case should be randomly reassigned. In his complaint, the plaintiff claimed that this case and *Alexander v. FBI*, Dkt. Nos. 96–cv–2123 & 97–cv–1288—pending before Judge Lamberth—shared enough similarities to be deemed related cases under Local Rule 40.5 ("Rule 40.5"). The defendant Executive Office of the President ("the defendant" or "EOP") opposed the plaintiff's motion. For the reasons stated below, the court agrees with Judge Lamberth's analysis. Accordingly, the court denies the plaintiff's motion and holds that this case does not meet the criteria for related-case status under Rule 40.5.

## II. BACKGROUND

On September 15, 1999, Billy Ray Dale filed a complaint alleging a violation of the Privacy Act of 1974, 5 U.S.C. § 552a *et seq.* Mr. Dale served as head of the White House Travel Office from 1982–1993, until he was fired on May 19, 1993. *See* Compl. at 2; Def.'s Local Rule 40.5(c)(3) Objection to Pl.'s Designation of Related Case ("Def.'s Objection") at 3. In his complaint, Mr. Dale alleged that the EOP maintained confidential records on him, which included "information unlawfully obtained from the Federal Bureau of Investigation, and, on information and belief, from others, including other government agencies." Compl. at 5. Claiming that the EOP refused to allow him access to his records, Mr. Dale alleged that this action violated the Privacy Act. *See id.* The EOP countered by arguing that the Privacy Act does not apply to the White House. *See* Pl.'s Local Rule 40.5(c)(3) Appeal of Denial of Related Case Status to the Calendar Committee ("Pl.'s Appeal"), Ex. 5 (letter from the defendant's representative, Joseph LoBue).

The EOP also objected to Mr. Dale's claim that this case and three cases that had been previously assigned to United States District Judge Royce Lamberth— *Alexander v. FBI*, Dkt. Nos. 96–cv–2123, 97–cv–1288, *Sculimbrene v. Reno*, Dkt. No. 99–cv–2010, and *Barr v. Executive Office of the President*, Dkt. No. 99–cv–1695— were related cases under Rule 40.5(c)(3). The defendant thus requested that the "plaintiff's lawsuit be transferred to the Calendar Committee for reassignment in the ordinary fashion." Def.'s Objection at 2. After the parties traded filings, Judge Lamberth ruled that the case was not a related case under Rule 40.5 and transferred it to the Calendar Committee for random reassignment. *See* Lamberth Mem. Op. dated Jan. 24, 2000.

On January 27, 2000, the plaintiff timely filed its appeal of Judge Lamberth's decision under Rule 40.5(c)(3)'s three-day framework. *See* Pl.'s Appeal. The following day, the Calendar Committee assigned the case to this member of the court. *See* Reassignment of Dkt. No. 99–cv–2453. Soon thereafter, the defendant filed its response to the plaintiff's appeal and the plaintiff filed its reply. For the reasons stated below, the court agrees with Judge Lamberth's Memorandum Opinion that this case is not related to *Alexander, Sculimbrene, or Barr* under Rule 40.5.

## III.  ANALYSIS

### A.  Standard for a Rule 40.5(a)(3) Related–Case Assignment

Local Civil Rule 40.3 sets forth this court's default rule for assigning cases, stating that "[e]xcept as otherwise provided by these Rules, civil, criminal and miscellaneous cases shall be assigned to Judges of this court selected at random. . . ."  In a recent opinion, the Calendar Committee of this court explained the importance of the random-assignment rule:

> The fundamental rationale for the general rule requiring random assignment of cases is to ensure greater public confidence in the integrity of the judicial process.  The rule guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping.

*Tripp v. Executive Office of the President,* 196 F.R.D. 201, 202 (D.D.C.2000) (discussing Rule 40.3).

■ As Judge Lamberth noted in *Tripp v. Executive Office of the President,* Local Rule 40.5 stands as an exception to the general rule of random assignment of cases in the District Court.  *See Tripp,* 194 F.R.D. 340, 342 (D.D.C.2000).  In the interest of judicial economy, Rule 40.5 allows assignment to the same judge when the earliest case is still pending on the merits before that judge and both cases (1) relate to common property, or (2) involve common issues of fact, or (3) grow out of the same event or transaction, or (4) involve a patent infringement.  *See* LCvR 40.5(a)(3).  The party who seeks to avoid random reassignment bears the burden of showing that the cases are related under a provision of Rule 40.5(a)(3).  *See, e.g., Tripp,* 194 F.R.D. at 342.

### B.  Application of the Rule

■ Applying the related-case rule to the matter at bar demonstrates that Judge Lamberth correctly concluded that this case should be randomly reassigned.  Judge Lamberth properly rejected the plaintiff's argument under Rule 40.5(a)(3) that this case and *Alexander v. FBI,* Dkt. Nos. 96–cv–2123 and 97–cv–1288, involve common issues of fact and grow out of the same transaction.  The Judge explained:

> Plaintiff's F.B.I. file was allegedly obtained by the White House while plaintiff was employed at the White House Travel Office, so the issues presented in the *Alexander* case—involving the White House obtaining F.B.I. files of *former* political appointees or government employees under the Reagan and Bush Administrations—simply do not arise out of the same event or transaction.  Any common issues of fact are minimal and completely insufficient to meet plaintiff's burden of demonstrating that these two cases are related.

*Dale v. Executive Office of the President,* Dkt. No. 99–cv–2453, Order dated Jan. 24, 2000, at 1.  In addition, Judge Lamberth held that the case at bar was not related to *Sculimbrene v. Reno,* Dkt. No. 99–cv–2010, and *Barr v. Executive Office of the President,* Dkt. No. 99–cv–1695, merely because all these cases involved the denial of a Privacy Act request.  *Id,* at 2.

As noted above, the court agrees with Judge Lamberth's assessment of the applicability of Rule 40.5.  Furthermore, "the court has adopted a strict position that . . . 'the same parties' means identical parties, not parties in interest."  *Thomas v. National Football League Players Ass'n,* 1992 WL 43121, *1 (D.D.C.1992).  In this case, the plaintiff—the former head of the White House Travel Office—is clearly not the same party as the hundreds of plaintiffs involved in *Alexander.*  Quite simply, the plaintiff has not met its burden to show that this case is related to *Alexander.*

## IV.  CONCLUSION

For all of these reasons, the court concluded that this case was properly transferred from Judge Lamberth to the Calendar Committee for random reassignment

and issued an Order on September 29, 2000 denying the plaintiff's Rule 40.5(c)(3) appeal. This Memorandum Opinion is executed and issued this ____ day of October, 2000.